# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1999 SESSION

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate
Court Clerk

| | | |
|---|---|---|
| THOMAS COOK | * | C.C.A. # 03C01-9808-CR-00281 |
| Appellant, | * | HAMILTON COUNTY |
| VS. | * | Honorable Douglas A. Meyer, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction/Possession of Cocaine |
| | | For Resale) |
| Appellee. | * | |

FOR THE APPELLANT:                      FOR THE APPELLEE:

THOMAS COOK                             PAUL G.  SUMMERS
Pro Se                                  Attorney General & Reporter
P.O. Box PMB
Atlanta, GA 30315                         ERIK W.  DAAB
                                        Assistant Attorney General
                                        425 Fifth Avenue North
                                        Nashville, TN 37243

OPINION FILED: _____

AFFIRMED - RULE 20

JOHN EVERETT WILLIAMS,
Judge

# OPINION

The petitioner, Thomas Cook, alleges that on January 8, 1993, he pled guilty to attempt to possess cocaine for resale and received an eight-year sentence.[1]  On December 18, 1998, the petitioner filed a petition for post-conviction relief.  The trial court dismissed the petition as time barred, and it is from that decision that the petitioner now appeals.  We AFFIRM the judgment of the trial court.

Pursuant to Tennessee Code Annotated § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken.  A court does not have jurisdiction to consider a petition for post-conviction relief if it is outside of the one-year statute of limitations unless:

---

[1] This record is void of any judgment or plea agreement.

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of the trial, if retrospective application of that right is required . . . ;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

Tenn. Code Ann. § 40-30-202(b).

The petitioner has filed his petition for post-conviction relief outside of the statute of limitations set forth in Tennessee Code Annotated § 40-30-202(a), and he does not submit that any of his claims fall within one of the exceptions set forth above. Accordingly, the judgment of the trial court is AFFIRMED pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

_____
JOHN EVERETT WILLIAMS,
Judge

-3-

CONCUR:

_____
JOHN H.  PEAY, Judge

_____
DAVID G.  HAYES, Judge